C. H. Rugg Company, Respondent, *v.* William L. Ormrod, Appellant.

**Equity — estoppel — when equitable estoppel cannot be used to shift a loss from one person to another.**

An estoppel resting wholly on equity cannot be used to shift a loss from one careless person to another when the loss could not have happened without the earlier negligence of the plaintiff, and the later negligence of the defendant, at the most, only contributed to the result.

Plaintiff shipped lumber by rail consigned to the defendant and charged it to him upon the order of a third party who had no authority to act for the defendant and who, after the lumber had arrived at its destination and been receipted for by defendant, took possession of it and used it for his own purposes. Defendant did not order, receive, accept or have the benefit of the lumber and the only ground for a recovery against him is that when the lumber arrived at its destination the station agent presented the usual freight receipt therefor to him and he signed it. The receipt did not disclose the name of the shipper, and the defendant did not know from whom it came. *Held*, that the receipt was not a contract but a mere admission and could be explained by parol evidence; that it is not enough to warrant a judgment on the theory of a contract since there was no meeting of minds; no ratification is claimed and it is conceded defendant acted in good faith; nor is the defendant, under the circumstances, estopped from denying that he personally received the property or had the benefit of it.

*C. H. Rugg Co.* v. *Ormrod*, 128 App. Div. 910, reversed.

(Argued February 17, 1910; decided March 15, 1910.)

Appeal, by permission, from a judgment entered October 21, 1908, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, which reversed a judgment of the Monroe County Court reversing a judgment of the Municipal Court of the city of Rochester in favor of plaintiff and affirmed said Municipal Court judgment.

The complaint is for lumber alleged to have been sold and delivered by plaintiff to defendant in October, 1905, at the agreed price of $138.60. The answer is in part a general denial, but it is also alleged that the lumber in question was not ordered by the defendant, but by one Collins, an independent

contractor, who had no authority to order it in the name or on the credit of the defendant, and that the latter had no knowledge of the order until long after Collins had used the materials and had been paid in full. The further material facts are stated in the opinion.

*S. D. Bentley* for appellant. The trial court could not find defendant liable upon the ground that he had received the benefit of the materials, because the fact was not proven. (*Ryan* v. *Ward*, 48 N. Y. 204; *Bushnell* v. *Pioneer*, 37 N. Y. 312; *Ensign* v. *Webster*, 1 Johns. Cas. 145; *Sabey* v. *Barber*, 5 Johns. 68; *Kellogg* v. *Richard*, 14 Wend. 116; *Bedell* v. *Van Hage*, 24 Wend. 273; *Riley* v. *Mayor, etc.*, 96 N. Y. 331.) What Collins did created no liability on defendant's part. His acts were without authority and were never ratified. (*Keely* v. *Geer*, 101 N. Y. 664; *Adair* v. *Brimmer*, 74 N. Y. 554; *Owing* v. *Owing*, 9 Pet. 608.) Defendant was not estopped to set up the defense interposed. (*Jewett* v. *Miller*, 10 N. Y. 462; *Payne* v. *Burnham*, 62 N. Y. 69.) Defendant cannot be held liable upon any ground of ratification. (Story on Agency, § 239; *Owing* v. *Owing*, 9 Pet. 608; *Rubber Co.* v. *Rothery*, 107 N. Y. 307; *Delamater* v. *Foltz*, 50 Hun, 528; *Welsh* v. *Taylor*, 50 Hun, 137.)

*William F. Lynn* for respondent. The plaintiff having been led to part with its property by the overt act of the defendant in signing the receipts, the defendant is estopped from denying the effect of the receipt and the authority of Collins to make the purchase. (*Continental Bank* v. *Bank of Commonwealth*, 50 N. Y. 575; *Trustees* v. *Smith*, 118 N. Y. 641; *Page* v. *Krekey*, 137 N. Y. 307; *Armour* v. *M. C. R. R. Co.*, 65 N. Y. 111; *First Nat. Bank* v. *Exchange Bank*, 49 App. Div. 350; *Cornish* v. *Abington*, 4 H. & N. 349.)

VANN, J. In October, 1905, the defendant, a resident of the village of Churchville, near Rochester, had entered into

three several contracts with one Collins, whereby the latter was to furnish the materials and perform the labor in the erection of certain buildings on the land of the former. Payment in stipulated amounts was to be made as the work progressed. The defendant did not know the plaintiff, a lumber dealer in Rochester, and had never done any business with it, and the plaintiff did not know the defendant, but it knew Collins and had dealt with him, and was unwilling to sell any materials to him on credit because he was not responsible.

On the day last named Collins saw Mr. Rugg, the president of the plaintiff, at its place of business in Rochester and told him he was erecting some buildings for the defendant at Churchville and that the latter wanted some lumber. Collins produced a paper made out by himself on a blank of the plaintiff, describing the lumber desired, and told Mr. Rugg to ship and charge it to the defendant and that the defendant would pay for it. Mr. Rugg did not ask Collins if he had authority to give the order, and nothing was said on the subject. He did not even know where the defendant lived until Collins told him, and he did not telephone, write or inquire to learn whether the order was authorized. Collins in fact had no authority, express or implied, to order materials or make any contract whatever in the name of the defendant or to deal on his credit in any way.

The plaintiff shipped the lumber by rail, consigned to the defendant at Churchville, and charged it to him. When it arrived the station agent presented the usual freight receipt therefor to the defendant, who signed it with several others in his own name without reading them, the same as he signed receipts for other contractors, as freight belonging to them, but shipped to him, was arriving every day and had to be hauled away. The receipt for the lumber shipped by the plaintiff did not disclose the name of the shipper, and the defendant did not know from whom it came. He did not receive the lumber nor use it, nor have any benefit from it, as Collins took possession of it and used it for his own purposes, but so far as appears no part of it on his contracts with the

defendant. No bill appears to have been sent to the defendant, who did not learn of the transaction until after Collins had used the lumber, but as soon as he heard of it he at once took Collins "to task for it," telling him that he had no right to order anything in his name. Collins admitted this, but urged the defendant to make him an advance payment on his contracts, nothing then being due, so that he could pay the plaintiff and keep out of trouble with it. The defendant made the advance as requested, but months later and after he had settled with Collins in full, learned that the plaintiff had not been paid.

Upon this evidence, some received and some excluded under the exception of the defendant, the Municipal Court rendered judgment in favor of the plaintiff for the amount claimed. On appeal to the County Court the judgment was reversed, but upon further appeal the Appellate Division reversed the judgment of the County Court and affirmed that of the Municipal Court, one of the justices dissenting. Although the learned Appellate Division reversed and granted leave to appeal to this court, certifying that an important question of law was involved which ought to be reviewed by the Court of Appeals, still no opinion was written and we are not informed upon what ground the judgment of reversal was founded.

The defendant did not order, receive, accept or have the benefit of the lumber in question and argument in support of the recovery against him is exhausted by stating the single fact that he gave the carrier a receipt for it under the circumstances set forth. That is not enough to warrant a judgment on the theory of a contract, because there was no meeting of minds. Such a receipt is not a contract, but a mere admission, and can always be explained by parol evidence. No ratification is claimed, and it is conceded that the defendant acted in good faith.

The plaintiff neither did, nor refrained from doing, anything because the defendant signed the receipt, and hence the ordinary doctrine of estoppel does not apply. The plaintiff,

however, claims that if the defendant had not carelessly signed the receipt, upon discovery of the fraud practiced by Collins, it could have reclaimed its property and saved itself from loss. Thus, upon final analysis, the judgment of the Municipal Court rests upon negligent conduct leading to estoppel. In other words, if the defendant, ignorant of the contents of the receipt, which did not show whom the lumber came from, had not signed it, the plaintiff might have taken action to protect itself.

Even upon the assumption that the defendant is chargeable with knowledge of every fact which a reading of the receipt would have shown, still he would have known simply that some one, who did not care to disclose his identity, had shipped materials to him, such as were required for the performance of certain contracts that he had entered into with Collins and others. Would this equitably estop him from denying that he personally received the property or had the benefit thereof? We think not. The custom is almost universal for a person to receipt for goods shipped to him without inquiry as to who shipped them, for such a receipt is simply a voucher for the use of the carrier. The defendant was not bound to take affirmative action to see who shipped the lumber, as he had the right to assume that it was consigned to him under his contract with Collins. Under the circumstances the receipt raised no presumption that the lumber was charged to him or sold on his credit.

Moreover, the plaintiff was guilty of the first act of negligence in shipping the lumber to one unknown to it upon the order of one whom it knew to be irresponsible, without any inquiry of him or in any manner as to his authority to give the order. An estoppel resting wholly on equity cannot be used to shift a loss from one careless person to another when the loss could not have happened without the earlier negligence of the plaintiff, and the later negligence of the defendant, at the most, only contributed to the result.

More might be said, but we think these reasons sufficient in the absence of any statement whatever by the learned Appel-

late Division to justify their decision, for reversing their judgment and affirming that of the County Court.

The judgment of the Appellate Division should be reversed and that of the County Court affirmed, with costs in both courts.

Cullen, Ch. J., Gray, Edward T. Bartlett, Haight, Werner and Hiscock, JJ., concur.

Judgment accordingly.